UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-89-RLV
(5:99-cr-71-RLV-5)

| | |
|---|---|
| RUSSELL GARNET TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 1.) Petitioner seeks relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

**I.      BACKGROUND**

On March 2, 2000, Petitioner pled guilty in federal district court, pursuant to a plea agreement, to one count of Conspiracy to Possess With Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 84l(a)(l), 846 and 851. (5:99-cr-71-RLV-5, Doc. Nos. 62, 63.) His case was referred to the U.S. Probation Office for preparation of a presentence report ("PSR"). In the PSR, the probation officer concluded that Petitioner qualified for an enhanced sentence under United States Sentencing Guidelines § 4B1.1 based on two prior North Carolina convictions for Possession with Intent to Sell/Deliver Cocaine. (Id. at Doc. No. 308.)

On August 13, 2001, the Court conducted Petitioner's sentencing hearing and sentenced him to 360 months in prison. (Id. at Doc. No. 223.) Thereafter, the Fourth Circuit Court of Appeals affirmed the Court's Judgment. See United States v. Turner, 43 F. App'x 704, 2002

1

WL 1997984 (4th Cir. Aug. 30, 2002) (unpublished), cert. denied, 538 U.S. 934 (2003).

On May 27, 2003, Petitioner filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence in federal district court. (5:03cv78-RLV, Doc. No. 1.) It was denied on the merits and on procedural grounds on August, 21, 2006. (Id. at Doc. No. 12.)

Petitioner filed the instant Motion to Vacate in this Court on May 20, 2016, when he placed it in the prison mail system. (5:16-cv-89-RLV, Doc. No. 1-1.) Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's holding in Johnson, in which the Court held that the residual clause of the Armed Career Criminal Act was void for vagueness and therefore unconstitutional.

Also on May 20, 2016, Petitioner filed a motion in the Fourth Circuit Court of Appeals, seeking authorization to file a second or successive § 2255 motion in federal district court. In re: Russell Turner, No. 16-946 (4th Cir.), Doc. No. 2. The Fourth Circuit denied Petitioner's motion on June 13, 2016. See id. at Doc. No. 7.

## II. STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings, which directs district courts to examine habeas motions promptly. Rule 4(b), 28 U.S.C.A. foll. § 2255. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his criminal judgment in successive collateral proceedings. See 28 U.S.C. § 2244. A district court lacks jurisdiction to consider a second or

successive motion filed under § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals. See § 2255(h).

Here, the Fourth Circuit denied Petitioner's motion for authorization under § 2244 to file a successive motion attacking his conviction and sentence. See In re: Russell Turner, No. 16-946 (4th Cir.), Doc. No. 7. Thus, this Court lacks jurisdiction to consider Petitioner's § 2255 motion, and it must be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as an unauthorized successive § 2255 motion; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 1, 2016

Richard L. Voorhees
United States District Judge

3